UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID R. BELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, )<br>*Plaintiff*, )<br>)<br>*vs.* )<br>)<br>FIRST BANK RICHMOND, )<br>*Defendant*. ) | 1:12-cv-00965-JMS-DKL |

### ORDER

Plaintiff David Bell, individually and on behalf of all others similarly situated, filed a Complaint against First Bank Richmond ("First Bank") on July 13, 2012. [Dkt. 1.] Mr. Bell alleges that in July 2011, he used a First Bank automated teller machine ("ATM") in Cambridge City, Indiana in order to withdraw cash from his account. [*Id.* at 3, ¶ 7 and 8, ¶ 31.] Mr. Bell alleges that the ATM he used, "and the rest of the ATMs," did not have "any sign affixed to them or in close proximity to them informing consumers that use of the ATMs will or may result in an ATM surcharge." [*Id.* at 8, ¶ 32.] Mr. Bell asserts that First Bank's alleged failure to post the fee notice on or at the ATM violated the Electronic Fund Transfer Act ("EFTA"), and seeks statutory damages pursuant to 15 U.S.C. § 1693m, but not actual damages. [*Id.* at 2-3, ¶ 6 and 11, ¶¶ 52-56.]

Presently before the Court are First Bank's Motion to Dismiss, [dkt. 13], and Mr. Bell's Motion for Leave to File a Sur-Reply, [dkt. 19]. In its motion, First Bank argues that Mr. Bell lacks standing to assert his EFTA claim because he has not alleged injury-in-fact, [dkt. 14 at 4-7], a causal linkage between First Bank's conduct and any alleged injury-in-fact, [*id.* at 7-8], or a

likelihood that a favorable decision will remedy the injury, [*id.*].[1]  In opposition, Mr. Bell argues that the EFTA is a remedial statute that expressly conveys standing, [dkt. 17 at 8-13], addresses cases cited by First Bank, [*id.* at 13-16], and asserts that any analysis regarding whether his injury was self-inflicted is relevant only to an actual damages analysis, and not to statutory damages, [*id.* at 16-17].

The EFTA requires an ATM operator to provide notice of "the fact that a fee is imposed by such operator for providing the service," and "the amount of any such fee," both on the ATM "posted in a prominent and conspicuous location on or at the [ATM] at which the electronic fund transfer is initiated by the consumer," and on the screen.  15 U.S.C. § 1693b(d)(3)(A) and (B).  15 U.S.C. § 1693m(a) provides that any person who fails to comply with the EFTA is liable to the consumer for:

(1) any actual damage sustained by such consumer as a result of such failure;

(2) (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or
(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery…shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

It does not appear that the Seventh Circuit Court of Appeals, any courts in this district, or any other Circuit Courts of Appeal, have dealt with the issue of whether a plaintiff seeking only

---

[1] First Bank also argues in a footnote that it is impossible to determine from the Complaint whether Mr. Bell's EFTA claim has been brought within the one-year statute of limitation, because Mr. Bell does not specify when in July 2011 the alleged violation occurred. [Dkt. 14 at 2, n.2.] First Bank states that "[a]t a minimum, [Mr.] Bell should be required to replead." [*Id.*] Because First Bank has not formally moved for a more definite statement, the Court will not require Mr. Bell to replead at this point.  Instead, First Bank can raise this issue after discovery and on summary judgment, if appropriate.

statutory damages for a violation of the EFTA must plead and prove injury-in-fact, or any other standing requirements – and the parties have not pointed the Court to any such decisions.  Several district courts from other circuits, however, have considered the issue and the vast majority of those courts have found that a plaintiff need not plead and prove the elements of Article III standing in order to recover statutory damages.  *See, e.g., Kinder v. United Bancorp, Inc.*, 2012 U.S. Dist. LEXIS 140567, \*7 (E.D. Mich. 2012) (defendant's failure to provide notice required by EFTA "gives [plaintiff] the right to seek redress despite not suffering any actual damages. Her statutory right to notice and [defendant's] failure to provide such notice is an injury that is sufficient for Article III standing"); *Mabary v. Hometown Bank, N.A.*, 2012 U.S. Dist. LEXIS 124375, \*7 (S.D. Tex. 2012) ("while Plaintiff does not seek actual damages, she can meet the requirement of showing an injury-in-fact.  The actual or threatened injury required by Article III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing'") (citation omitted); *Zabienski v. ONB Bank & Trust*, 2012 U.S. Dist. LEXIS 116917, \*12 (N.D. Ok. 2012) ("[t]he alleged violation of the [EFTA] creates a concrete, particular injury-in-fact"); *Campbell v. Hope Cmty. Credit Union*, 2012 U.S. Dist. LEXIS 15530, \*11 (W.D. Tenn. 2012) ("Plaintiff has standing by virtue of the alleged invasion of her statutory right to notice of the ATM fee pursuant to [the EFTA]"); *In re Regions Bank ATM Fee Notice Litig.*, 2011 U.S. Dist. LEXIS 103485, \*13 (S.D. Miss. 2011) (EFTA allows recovery of statutory damages even where there are no actual damages).

First Bank relies on a single district court case from Nebraska, where that court found that the plaintiff had to allege an injury-in-fact in order to adequately plead an EFTA claim seeking only statutory damages.  *Charvat v. First Nat'l Bank of Wahoo*, 2012 U.S. Dist. LEXIS 77616 (D. Neb. 2012).  *Charvat* is currently on appeal to the Eighth Circuit Court of Appeals and

is "one minority opinion" among many other district court opinions to the contrary, including those cited above. *See Mabary*, 2012 U.S. Dist. LEXIS 124375 at *8-9 (disagreeing with *Charvat*, and stating that "the Court is convinced that if Congress included two forms of damages in the statute – actual and statutory – Congress intended to create a statutory right and a mechanism to redress violations thereof….Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute"). *Charvat* reflects an overwhelmingly minority view, and the Court will not dismiss Mr. Bell's EFTA claim based solely on that non-binding precedent.

Not requiring injury-in-fact for a statutory violation of the EFTA is also consistent with Seventh Circuit Court of Appeals cases finding that injury-in-fact is not necessary to recover statutory damages under other statutes, such as the Fair Credit Reporting Act ("FCRA"). *See, e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 622 (7th Cir. 2007) (noting that "[w]hile a plaintiff's sustaining injury is usually a necessary part of a claim's accrual, the FCRA contemplates possible awards of statutory damages where the violation is willful….Thus, actual damages are not necessarily a precondition for suit").[2]

The Court finds that Mr. Bell has sufficiently pled a claim for statutory damages under the EFTA. The Court cautions, however, that its holding does not necessarily mean Mr. Bell is entitled to statutory damages – that determination is reserved for another day. Accordingly, the

---

[2] Were the Court to adopt First Bank's argument, it would essentially be rendering the EFTA's notice requirement on ATMs meaningless in this factual context since consumers would likely have difficulty showing injury-in-fact when they subsequently received notice on the ATM screen itself during their transaction. Congress recently recognized that requiring notice on the ATM when notice is already required on the screen may not be necessary, further indicating that the EFTA in its present form *does* require both notices. H.R. 4367. Both the House of Representatives and the Senate passed the bill, although it has not yet been signed into law. In the meantime, the Court will not construe the statute so as to render that requirement meaningless.

Court **DENIES** First Bank's Motion to Dismiss, [dkt. 13], and **DENIES AS MOOT** Mr. Bell's Motion for Leave to File a Sur-Reply, [dkt. 19].

01/07/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert L. Bever
BOSTON BEVER KLINGE CROSS & CHIDESTER
bbever@bbkcc.com

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com

Ronald Lloyd Cross
BOSTON BEVER KLINGE CROSS & CHIDESTER
ronc@bbkcc.com

Nathan T. Danielson
BOSE MCKINNEY & EVANS, LLP
ndanielson@boselaw.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Brian Scott Jones
BOSE MCKINNEY & EVANS, LLP
b.jones@boselaw.com